```
              IN THE UNITED STATES DISTRICT COURT FOR THE

                           DISTRICT OF NEBRASKA

ABIGAIL SLATER, a minor child,)
by and through her father,    )
next friend and natural       )
guardian, BRIAN SLATER; and   )
BRIAN SLATER and LAYLA        )
SLATER, in their individual   )
capacities,                   )
                              )
                  Plaintiffs, )             8:06CV638
                              )
           v.                 )
                              )
THOMAS L. JELINEK and FRONTIER)             ORDER
COOPERATIVE COMPANY, a        )
Nebraska corporation,         )
                              )
                  Defendants. )
_____)
```

This matter is before the Court on numerous motions. The Court has reviewed the various motions and supporting briefs and held a hearing on November 14, 2008, at which the Court announced a ruling on some of the motions and took under advisement rulings on others. As to the following matters, the Court now formalizes the rulings which it made at the hearing:

1) Motion in limine of the plaintiff (Filing No. 71) regarding the testimony of the witness Jacqueline Wenkman seeking an order preventing the witness from testifying that she has borne and is currently raising her own mentally disabled child. After argument, the Court concluded that this motion should be granted.

2) Filing Nos. 74 through 76, 78 and 79 relate to the trial date.  Initially plaintiff filed a motion (Filing No. 74) asking for a different trial date as the plaintiff did not believe the one week set aside commencing December 1, 2008, would be sufficient to complete the trial.  Subsequently, the plaintiff has determined it could try the case within the one week originally assigned.  However, in the interim, the December date became unavailable as the Court accepted an assignment to sit with the United States Court of Appeals for the Eleventh Circuit during the week of December 1, 2008.  Accordingly, the Court advised the parties that the next available trial date would be the two-week period commencing January 20, 2009.  The motions to alter the trial date are granted.  Trial is scheduled to commence on **Tuesday, January 20, 2009, at 9 a.m**.

3) Filing No. 83 seeks an enlargement of time to file a response to the defendant's motion (Filing No. 49).  That motion is granted.

4) Plaintiff's motion for a Rule 16(f) sanctions (Filing No. 88) and defendant's response (Filing No. 95): This motion seeks to exclude testimony of a proffered rebuttal witness of defendant, Gail Leonhardt.  The Court was advised that this testimony would be used only if a *Daubert* hearing is held and only in connection with that hearing.  The witness would not be used during the trial of the case.  Accordingly, ruling on this

motion will be reserved until such time as it is determined whether or not a *Daubert* hearing will be necessary.  However, the Courts finds that Gail Leohardt cannot be used as a witness by the defendant during its case in chief.

     5) Plaintiff's motion to enlarge the record of evidence and request for a *Daubert* hearing (Filing Nos. 90, 91 and 92) and the defendant's response (Filing No. 94).  These motions relate to Filing No. 49, and are granted insofar as they permit the record to be enlarged with respect to Filing No. 49 and the request for a *Daubert* hearing.  Accordingly,

     IT IS ORDERED that the following motions are deemed granted:  Filing Nos. 71, 74, 78, 83, and 90.

     DATED this 18th day of November, 2008.

                                  BY THE COURT:

                                  /s/ Lyle E. Strom
                                  _____
                                  LYLE E. STROM, Senior Judge
                                  United States District Court