```
               IN THE UNITED STATES DISTRICT COURT FOR THE

                            DISTRICT OF NEBRASKA

ABIGAIL SLATER, a minor child,)
by and through her father,    )
next friend and natural       )
guardian, BRIAN SLATER; and   )
BRIAN SLATER and LAYLA        )
SLATER, in their individual   )
capacities,                   )
                              )
               Plaintiffs,    )         8:06CV638
                              )
         v.                   )
                              )
THOMAS L. JELINEK and FRONTIER)         ORDER
COOPERATIVE COMPANY, a        )
Nebraska corporation,         )
                              )
               Defendants.    )
_____)
```

This matter is before the Court on the motion in limine (Filing No. 49) in which defendants seek to exclude certain expert testimony of Wilbur Swearingin and Stan Smith. The Court has reviewed the brief of defendants in support of their motion (Filing No. 50), the index of evidence filed in support of that motion (Filing No. 51-70), the brief of plaintiffs in opposition to defendants' motion (Filing No. 80), the index in support of that brief (Filing No. 81), and defendants' reply brief (Filing No. 86), together with the supplement of index (Filing No. 87). A hearing was held on November 14, 2008, on the defendants' motion. At that hearing, the parties agreed that the following proposed opinions of plaintiffs' economic expert Stan Smith, Ph.D., should be considered withdrawn:  loss of household/family

guidance services; loss of enjoyment of life, also known as hedonic damages; and loss of society and relationship of the parents of Abigail Slater.

The remaining arguments during that hearing related principally to the basis for the determination of damages on other issues. While the motion of the defendants suggests the need for a *Daubert* hearing, the Court does not perceive that such a hearing is appropriate at this time. Generally the issues that will arise during trial with respect to the testimony of these two witnesses will be whether there is sufficient foundation in the record for the expression of their opinions. In part, this will concern the use of certain tables promulgated by the Department of Veterans Affairs. These issues can only be properly addressed during a full evidentiary hearing, and the Court will reserve ruling on the balance of defendants' motion in limine pending trial in this matter. Accordingly,

IT IS ORDERED:

1) Defendants' motion in limine prohibiting the witness Stan Smith, Ph.D., to testify as to the loss of household/family guidance services, loss of enjoyment of life, and loss of society and relationship of the parents is granted. The witness, Stan Smith, will not be permitted to testify with respect to those claimed items of damages.

      2) In all other respects, the Court reserves ruling on defendants' motion as it is more appropriate to address defendants' objections at trial rather than on motions in limine.

      DATED this 18th day of November, 2008.

                           BY THE COURT:

                           /s/ Lyle E. Strom
                           _____
                           LYLE E. STROM, Senior Judge
                           United States District Court